IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:09-CV-47-FDW-DCK

| | |
|---|---|
| CHASE MANHATTAN MORTGAGE CO., ) ) ) Plaintiff, ) ) v. ) ) EARL KELLEY LANE, Executor of ) the Estate of Lucille H. Lane, ) ) Defendant. ) | ORDER |

**THIS MATTER IS BEFORE THE COURT** on the "Defendant's Motion to Amend Answer and Join Additional Defendants" (Document No. 7) filed on May 11, 2009. Chase Manhattan Mortgage Co. ("Plaintiff") has not filed a response. This motion has been referred to the Magistrate Judge, and immediate review is appropriate. Having considered the record, the undersigned will **grant** the motion for the following reasons:

Earl Kelley Lane ("Defendant") filed his answer and asserted counterclaims against the Plaintiff on February 13, 2009. (Document No. 2). Plaintiff replied to these counterclaims and asserted various defenses. (Document No. 3). On March 27, 2009, Plaintiff amended its reply. (Document No. 4). Defendant now seeks leave to amend his counterclaims and to join additional Defendants. (Document No. 7). The Plaintiff has not indicated any opposition to this request.

Civil Rule 15, which pertains to "Amended and Supplemental Pleadings," provides in relevant part:

**(a) Amendments Before Trial.**

> (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course:
> (A) before being served with a responsive pleading; or
> (B) within 20 days after serving the pleading if a responsive pleading is not allowed and the action is not yet on the trial calendar.
> (2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

After a responsive pleading has been filed, a party may amend its pleading only by leave of court or by written consent of the adverse party. Fed. R. Civ. P. 15(a)(2); *Mayle v. Felix*, 545 U.S. 644, 663 (2005). Leave to amend is "freely given when justice so requires." Fed. R. Civ. P. 15(a). "The federal rule policy of deciding cases on the basis of the substantive rights involved rather than on technicalities requires that [the] plaintiff be given every opportunity to cure a formal defect in his pleading." *Ostrzenski v. Seigel*, 177 F.3d 245, 252-53 (4th Cir.1999) (quoting 5A Charles Allen Wright & Arthur R. Miller, Federal Practice & Procedure § 1357 (2d ed.1990)).

Under Rule 15, a "motion to amend should be denied only where it would be prejudicial, there has been bad faith, or the amendment would be futile." *Nourison Rug Corporation v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008), citing *HCMF Corp. v. Allen*, 238 F.3d 273, 276-77 (4th Cir. 2001); *and see, Foman v. Davis*, 371 U.S. 178, 182 (1962); Fed. R. Civ. P. 15(a). The Fourth Circuit Court of Appeals has explained that:

> Whether an amendment is prejudicial will often be determined by the nature of the amendment and its timing. A common example of a prejudicial amendment is one that "raises a new legal theory that would require the gathering and analysis of facts not already considered by the [defendant, and] is offered shortly before or during trial." …. An amendment is not prejudicial, by contrast, if it merely adds an additional theory of recovery to the facts already pled and is offered before any discovery has occurred. *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir.1980). *Laber v. Harvey*, 438 F.3d 404. 426-27 (4th Cir. 2006).

The present case is in its early stages. The Pretrial Order and Case Management Plan provides that discovery should be completed by October 20, 2009, and that dispositive motions are due by November 7, 2009. (Document No. 6). Hence, the requested amendment of the complaint will not be "prejudicial" and should not interfere with any established court deadlines in this case. The record before the Court does not reflect any basis to deny the requested amendment on the basis of bad faith or futility. Additionally, defense counsel indicates he has previously notified Plaintiff's counsel of his intention to implead additional counterclaim defendants once they could be reasonably identified. The Pretrial Order and Case Management Plan entered in this case requires the joinder of additional parties to be undertaken on or before June 30, 2009, and the present motion is timely.

**IT IS, THEREFORE, ORDERED** that the "Defendant's Motion to Amend Answer and Join Additional Defendants" (Document No. 7) is **GRANTED**.

**IT IS SO ORDERED**.

Signed: June 1, 2009

David C. Keesler
United States Magistrate Judge