IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| CHASE MANHATTAN MORTGAGE CO., <br><br> Plaintiff, <br><br> v. <br><br> EARL KELLEY LANE, Executor of the Estate of Lucile H. Lane, <br><br> Defendant <br><br> v. <br><br> NATIONS TITLE AGENCY, INC. and NATIONS TITLE AGENCY OF THE CAROLINAS, INC., <br><br> Counterclaim Defendants. | Case No. 3:09-CV-47 <br><br><br> DEFENDANTS' AMENDMENT TO ANSWER and THIRD-PARTY COMPLAINT |

Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, by leave of Court, Defendant Earl Kelly Lane, Executor of the Estate of Lucile H. Lane, hereby amends the Counterclaims as alleged in his Answer to join as additional Counterclaim Defendants and Third-Party Defendants, in accordance with Rules 13(h) and 14, Nations Title Agency, Inc. and Nations Title Agency of Carolinas, Inc. and alleges against such parties the following:

### SEVENTH DEFENSE AND THIRD COUNTERCLAIM
(Corporate Settlement Agent's Negligence)

33. Lane incorporates herein by reference the Answer and Counterclaims.

34. Upon information and belief, Counterclaim Defendant Nations Title Agency, Inc. is a Kansas corporation with its principal place of business in Kansas ("Nations Title Agency").

35. Upon information and belief, Nations Title Agency is the corporate settlement agent whose conduct is described in the foregoing counterclaims.

36. Upon information and belief, Counterclaim Defendant Nations Title Agency of the Carolinas, Inc. is a North Carolina corporation with its registered agent's office in Wake County, North Carolina (the "Nations Title Agency of the Carolinas").

37. In the alternative, Nations Title Agency of the Carolinas is the corporate settlement agent whose conduct is described in the foregoing counterclaims.

38. In the alternative, both Nations Title Agency and Nations Title Agency of the Carolinas combined to act as the corporate settlement agent whose conduct is described in the foregoing counterclaims.

39. This Court continues to have subject matter jurisdiction upon the joinder of Nations Title Agency and Nations Title Agency of the Carolinas because both such parties are of diverse citizenship from Lane and the amount in controversy exceeds $75,000, exclusive of interest and costs.

40. The corporate settlement agent whose conduct is described in the foregoing counterclaims (hereinafter, the "Corporate Settlement Agent") undertook to effectuate the conveyance from Rowe to Decedent by causing a deed to be drafted and executed by Decedent and undertook to record such deed as part of the closing of the refinance transaction. It being foreseeable that failure to record the quitclaim deed and deed of trust could impair Decedent's rights and the quality of her title, the Corporate Settlement Agent owed a duty to Decedent properly to record the documents.

41. The Corporate Settlement Agent also owed Decedent a duty properly to record because, by undertaking through its attorney subagent to prepare a deed for the conveyance from

Rowe to Decedent, the Corporate Settlement Agent engaged in the unauthorized practice of law, rendering a legal service to Decedent.

42. In addition to negligently failing to record either the deed of trust or quitclaim deed and negligently canceling of record Plaintiff's deed of trust on the Cottage existing prior to the refinance transaction, the Corporate Settlement Agent also failed through its negligence to detect that the new deed of trust and quitclaim deed were not recorded or to notify Decedent of same, a failure that continued beyond Decedent's death on April 6, 2007.

43. The injuries described in the foregoing counterclaims as the result of negligence of Plaintiff are also the direct and proximate result of the negligence of the Corporate Settlement Agent.

44. Lane is entitled to recover from the Corporate Settlement Agent, whether it be Nations Title Agency or Nations Title Agency of the Carolinas, or both, damages exceeding $75,000 on grounds of negligence.

## EIGHTH DEFENSE AND FOURTH COUNTERCLAIM
### (Per Se Negligence)

45. Upon information and belief, the Corporate Settlement Agent disbursed closing funds in connection with the refinance transaction despite not having recorded the quitclaim deed or the deed of trust.

46. In doing so, the Corporate Settlement Agent violated Section 45A-4 of the North Carolina Good Funds Settlement Act, N.C. Gen. Stat. § 45A-1, et seq., which prohibits disbursement until such documents are recorded.

47. Said statute is enacted for the purpose of protecting participants in residential mortgage lending transactions, including persons in the position of Lane's decedent.

48. The Corporate Settlement Agent's violation of N.C. Gen. Stat. § 45A-4 constituted negligence per se.

49. The injuries described in the foregoing counterclaims are the direct and proximate result of the Corporate Settlement Agent's negligence per se.

50. Lane is entitled to recover from the Corporate Settlement Agent, whether it be Nations Title Agency or Nations Title Agency of the Carolinas, or both, damages exceeding $75,000 on grounds of negligence.

### NINTH DEFENSE AND FIFTH COUNTERCLAIM
### (Violation of Good Funds Settlement)

51. Lane incorporates herein by reference the foregoing counterclaims.

52. The injuries occurring in 2007 as described in the foregoing counterclaims are due to the Corporate Settlement Agent's violation of N.C. Gen. Stat. § 45A-4.

53. Pursuant to N.C. Gen. Stat. § 45A-7, Lane is entitled to recover from the Corporate Settlement Agent, whether it be Nations Title Agency or Nations Title Agency of the Carolinas, or both, damages exceeding $75,000 plus reasonable attorneys' fees plus the greater of $1000 or double the amount of interest payable upon the loan for the first 60 days after the loan closing.

### TENTH DEFENSE AND SIXTH COUNTERCLAIM
### (Unfair and Deceptive Trade Practices of
### Corporate Settlement Agent)

54. Lane incorporates herein by reference the foregoing counterclaims.

55. By undertaking through its attorney subagent to prepare a deed for the conveyance from Rowe to Decedent, the Corporate Settlement Agent engaged in the practice of law.

4

56. The Corporate Settlement Agent is not licensed to practice law in North Carolina, such that it violated N.C. Gen. Stat. §§ 84-4 and 84-5.

57. The Corporate Settlement Agent's unauthorized practice of law constituted a violation of N.C. Gen. Stat. § 75-1.1.

58. But for the Corporate Settlement Agent's unauthorized practice of law (combined with that of Plaintiff), the conveyance of the Cottage from Rowe to Decedent would not have occurred, precluding consummation of the refinance transaction, or would have been accomplished through competent counsel, resulting in the proper recordation of the documents. Accordingly, the Corporate Settlement Agent's violation of Section 75-1.1 caused harm to Decedent in an amount exceeding $75,000.

59. Pursuant to N.C. Gen. Stat. § 75-16, Lane, as Executor is entitled to recover against the Corporate Settlement Agent, whether it be Nations Title Agency or Nations Title Agency of the Carolinas, or both, three times the amount of actual harm caused.

60. Further, absent prompt and reasonable effort by the Corporate Settlement Agent to fully resolve this matter, Lane is further entitled to recover reasonable attorney's fees, pursuant to Section 75-16.1.

## ELEVENTH DEFENSE AND FIRST THIRD-PARTY CLAIM
### (Liability Over)

61. Lane incorporates herein by reference the foregoing counterclaims.

62. The Corporate Settlement Agent, whether it be Nations Title Agency or Nations Title Agency of the Carolinas, or both, is liable to Lane, in his capacity as Executor, in any amount that he may be held liable to the Plaintiff or any other party now or hereafter joined.

WHEREFORE, Lane, as Executor, amends his demand for relief as previously alleged, to demand:

1. Dismissal with prejudice of the Complaint;

2. Judgment against Plaintiff Chase Manhattan Mortgage Corp. and either or both Counterclaim Defendants Nations Title Agency and Nations Title Agency of the Carolinas, jointly and severally, for three times Decedent's actual damages;

3. Costs, including attorney's fees;

4. Jury trial; and

5. All other relief to which he is entitled.

This 12th day of June, 2009.

/s J. Daniel Bishop (N.C. Bar No. 17333)
BISHOP, CAPITANO & MOSS, P.A.
4521 Sharon Road, Suite 350
Charlotte, North Carolina 28211
Telephone: (704) 716-1200
Fax: (704) 716-1201
E-mail: Dbishop@bcandm.com

Attorney for Earl Kelley Lane, Executor

## CERTIFICATE OF SERVICE

I hereby certify that on June 12, 2009, I served a copy of the foregoing on all counsel by mail in accordance with Rule 5 of the Rules of Civil Procedure, at the following addresses:

Zipporah B. Edwards
Horack Talley Pharr & Lowndes, P.A.
301 S. College St., Suite 2600
Charlotte, NC 28202-6038

/s J. Daniel Bishop (N.C. Bar No. 17333)
BISHOP, CAPITANO & MOSS, P.A.

6

4521 Sharon Road, Suite 350
Charlotte, North Carolina 28211
Telephone: (704) 716-1200
Fax: (704) 716-1201
E-mail: Dbishop@bcandm.com

Attorney for Earl Kelley Lane, Executor