# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL CASE NO. 3:09-CV-47-FDW-DCK

| | |
|---|---|
| CHASE MANHATTAN MORTGAGE CO., ) ) ) Plaintiff, ) v. ) ) EARL KELLEY LANE, Executor of ) the Estate of Lucille H. Lane, ) ) Defendant. ) v. ) ) NATIONS TITLE AGENCY, INC. and ) NATIONS TITLE AGENCY OF THE ) CAROLINAS, INC., ) ) Third-Party Defendants. ) | **ORDER** |

**THIS MATTER IS BEFORE THE COURT** to resolve a discovery dispute between Earl Kelley Lane ("Lane") and Nations Title Agency, Inc. ("NTA"). Consistent with the "Standing Order Governing Civil Case Management before the Honorable Frank D. Whitney" (See No. 3:07-MC-47, Document No. 2-2), and upon the request of the parties, the Magistrate Judge conducted an informal telephonic conference on October 13, 2009 with respective counsel.[1] The undersigned has carefully considered the position letters submitted by counsel, as well as the oral arguments presented during the telephonic conference.

---

[1] J. Daniel Bishop, John W. Bowers, and Louis A. Huber, III, participated in the telephonic conference.

The first issue is whether NTA must produce the 2003-2009 balance sheets, annual income statements, and general ledger for Nations Holding Company ("NHC"). After carefully balancing the interests under Civil Rule 26, and given the close inter-relation of the NTA and NHC, the undersigned will direct NTA to furnish the 2003-2009 financial statements (estimated at less than one hundred pages) for NHC, but not the general ledger (estimated at over 30,000 pages). Production of the NHC general ledger would be quite burdensome, and in part, duplicative of existing discovery. Additionally, NHC provides services for over 80 other companies, and thus, a large proportion of the ledger contents would not pertain to the claims and defenses in this lawsuit. *See Hickman v. Taylor*, 329 U.S. 495, 507 (1947) (observing that the civil rules are given a "broad and liberal treatment" but that "discovery, like all matters of procedure, has ultimate and necessary boundaries").

The second issue is Lane's request for clarification of the Order granting an extension of time for expert reports. On September 3, 2009, the Court granted Lane's motion to compel discovery responses from the Third-Party Defendants, including NTA. In anticipation of receiving supplemental responses, Lane moved to extend the expert report deadline. On September 23, 2009, the undersigned intended to extend the deadlines for this sole purpose.

**IT IS, THEREFORE, ORDERED** that:

> 1) NTA shall furnish the 2003-2009 balance sheets and annual income statements for Nations Holding Company by November 10, 2009; NTA need not furnish the general ledger for NHC;
>
> 2) Lane need not respond to the untimely discovery requests served upon it by NTA;

3) the Clerk of Court is directed to file the parties' correspondence regarding the telephonic conference in the docket so that the record will reflect the parties' contentions.

**IT IS SO ORDERED**.

Signed: October 29, 2009

David C. Keesler
United States Magistrate Judge