UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:09-CV-47-FDW-DCK

| | | |
|---|---|---|
| CHASE MANHATTAN MORTGAGE CO., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | **ORDER** |
| EARL KELLEY LANE, Executor of the Estate of Lucille H. Lane, | ) ) ) | |
| Defendant, | ) ) | |
| v. | ) ) | |
| NATIONS TITLE AGENCY, INC. and NATIONS TITLE AGENCY OF THE CAROLINAS, INC., | ) ) ) ) | |
| Third-Party Defendants. | ) | |

**THIS MATTER IS BEFORE THE COURT** on "Defendant's Motion to Further Amend Counterclaims and Third-Party Complaint" filed on October 14, 2009 by Earl Kelley Lane ("Lane"). (Document No. 61). Plaintiff Chase Manhattan Mortgage Company ("Chase") and the Third-Party Defendants ("NTA" and "NTA-Carolinas") oppose the motion. The motion has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having fully considered the record, including the parties' briefs (Document Nos. 61, 62, 66-68), the undersigned will **grant** the motion for the following reasons:

Lane seeks to amend for the purpose of pleading alter ego, willful and wanton conduct, and punitive damages. (Document No. 61, Ex. 1 Proposed "First Amended Answer to Amended Complaint, Including Further Amended Third-Part Complaint").[1] Lane also seeks to implead an additional party, Nations Holding Co. ("NHC"). The requested amendment would necessarily require modification of the Scheduling Order.

The "Standing Order Governing Civil Case Management before the Honorable Frank D. Whitney" provides that the scheduling deadlines are "subject to modification by leave of court for good cause shown." (See Misc. No. 3:07-MC-47, Document No. 2-2, p. 9, ¶ 5(b)). The deadline for amending pleadings in this case was June 16, 2009. As noted by the Pretrial Order and Case Management Plan, "[a] motion to amend the pleadings made after this deadline is, in effect, a motion to amend this scheduling order, and party seeking to do so will have the burden of satisfying not only Rule 15's 'justice so requires' standard but also Rule 16(b)'s 'good cause' standard." (Document No. 6, fn. 4).

NTA points out that the proposed amendment is four months past the deadline for amending pleadings. However, Lane explains that the Court compelled discovery responses from the Third-Party Defendants on September 3, 2009 (*see* Document No. 53) and that this discovery was furnished on September 23 and October 9, 2009. Lane asserts that this information was exclusively in the Third-Party Defendants' possession and that their withholding of this discovery is the entire reason

---

[1] The proposed amended pleading includes defenses of estoppel, entitlement to offset, unclean hands, and laches. Additional defenses and counterclaims include willful and wanton negligence, violation of the Good Funds Settlement Act, unfair and deceptive trade practices, and alter ego/mere instrumentality. (Document No. 61-1).

for any delay in seeking amendment. Lane indicates that he diligently sought this information beginning in May 2009 and that he promptly sought to amend after receiving it.

With respect to Lane's request to join NHC as a party, Lane points out that a number of persons made "tracking entries" prior to the closing and for 21 months afterwards. Lane indicates that he diligently sought the names of these individuals from NTA via written discovery, but that NTA did not identify them as employees of NTA and its affiliate, NHC, until October 9, 2009. Lane points out that NTA had previously indicated that it had "no involvement" and "no knowledge" of Lane's refinancing. (Document No. 61, Exhibit C). NHC had furnished affidavits supporting the assertion that NTA-Carolinas solely handled the Lane refinancing. Lane contends that the "tracking point" information shows that "the failure to record the quitclaim deed and deed of trust in the mortgage refinance for Lucille Lane, Executor's decedent, was repeatedly noted over a period of 21 months without corrective action being taken." Lane contends that the recent discovery not only shows awareness by NTA and NHC regarding the failure to record the transaction documents, but also shows specific involvement by their employees.

With respect to Lane's proposed "alter ego" claim, Lane points to financial information furnished on September 23, 2009 showing intercompany transfers of funds between NTA, NTA-Carolinas, and NHC. Lane contends that these transfers improperly siphoned funds away from NTA-Carolinas to NHC and provide a factual basis for the proposed "alter ego" claim. Lane asserts that NHC has been well aware of these proceedings and has participated in discovery via NTA and NTA-Carolinas. Given the recently furnished discovery, Lane has shown "good cause" under Rule 16 to amend his counterclaims.

Turning next to Rule 15, leave to amend is "freely given when justice so requires." Fed. R. Civ. P. 15(a). A "motion to amend should be denied only where it would be prejudicial, there has been bad faith, or the amendment would be futile." *Nourison Rug Corporation v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008) (citing *HCMF Corp. v. Allen*, 238 F.3d 273, 276-77 (4th Cir. 2001)); *and see, Foman v. Davis*, 371 U.S. 178, 182 (1962); Fed. R. Civ. P. 15(a).

Chase and NTA argue that the proposed amendment is prejudicial and futile. Any concern regarding alleged prejudice will be ameliorated by adjusting the case deadlines. With respect to futility, Chase asserts that its alleged conduct (i.e. being informed that its deed of trust had not been recorded) does not rise to the level of "willful and wanton" conduct on its part. Chase and NTA assert that more than "gross negligence" is required. N.C. Gen. Stat. § 1D-5(7). Chase asserts that misconduct by NTA and NTA-Carolinas would not provide a basis for punitive damages against Chase. NTA contends that the proposed claim of punitive damages against the Third-Party Defendants is not supported by the evidence.

Under North Carolina law, punitive damages may be awarded only if the claimant proves liability for compensatory damages, and further shows that willful/wanton conduct occurred in relation to the injury for which compensatory damages were awarded. N.C. Gen.Stat. § 1D-15(a) (2003); *Schenk v. HNA Holdings, Inc.*, 170 N.C.App. 555, 559-560 (N.C.App. 2005). Willful and wanton conduct is defined as "the conscious and intentional disregard of and indifference to the rights and safety of others, which the defendant knows or should know is reasonably likely to result in injury, damage, or other harm." N.C. Gen.Stat. § 1D-5(7) (2003). To award punitive damages against a corporation, "the officers, directors, or managers of the corporation [must have] participated in or condoned the conduct constituting the aggravating factor giving rise to punitive

damages." N.C. Gen.Stat. § 1D-15(c) (2003). "Punitive damages shall not be awarded against a person solely on the basis of vicarious liability for the acts or omissions of another." N.C. Gen. Stat. §1D-15; *Foster v Crandell*, 181 N.C. App 152 (2007) (holding that punitive damages may be awarded against a person only if that person participated in the conduct giving rise to the punitive damages), *rev. denied*, 361 N.C. 567 (2007).

While punitive damages may not be awarded against a person solely for breach of contract (*see* N.C. Gen. Stat. § 1D-15(d)), Lane also seeks to allege various other claims as well. Upon review of the proposed amended pleading, and taking the allegations as true and giving Lane the benefit of all reasonable inferences, it is not readily apparent that the amended claims are "futile" for purposes of Rule 12(b)(6). Although NTA contends that Lane's claims are not supported by the evidence, full analysis of summary judgment arguments and evidence is beyond the scope of this order. Of course, the undersigned expresses no opinion as to the merits of any subsequent dispositive motions that may be filed. Given that leave to amend is "freely given when justice so requires," Lane will be afforded an opportunity to amend his counterclaims. Fed.R.Civ.P. 15(a).

**IT IS, THEREFORE, ORDERED** that the "Defendant's Motion to Further Amend Counterclaims and Third-Party Complaint" (Document No. 61) is **GRANTED**; Defendant shall file its amended pleading by November 20, 2009; after consultation with Judge Whitney's chambers, the Court's Scheduling Order is modified as follows:

1) dispositive motions are due by December 17, 2009;

2) the motions hearing will be on February 3, 2010;

3) the pretrial conference will be on February 23, 2010;

4) trial is scheduled for the term beginning March 8, 2010.

**IT IS SO ORDERED**.

Signed: November 17, 2009

David C. Keesler
United States Magistrate Judge